JUSTICE NEWMAN
CONCURRING^
I join in the majority opinion but I write separately to articulate my position that this case should not be understood to insulate parents from liability for the tortious acts of their children. Restatement (Second) of Torts § 316, which the majority cites, provides in relevant part as follows:
A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
(a) knows or has reason to know that he has the ability to control his child, and
(b) knows or should know of the necessity and opportunity for exercising such control.
As noted by the majority, this principle is consistent with our case law. Condel v. Savo, 350 Pa. 350, 39 A.2d 51 (1944). See also Brisbine v. Outside In School of Experiential Education, Inc., 799 A.2d 89 (Pa.Super.2002), petition for allowance of appeal denied, 816 A.2d 1101 (Pa.2003). “If an injury inflicted by a child is the natural and probable result of the parents’ negligence, the parents have breached a duty owed to the injured child and his parents. Furthermore, if the injury [should] have been foreseen by the parents, their negligence is the proximate cause of the injury.” Frey By and Through Frey v. Smith By and Through Smith, 454 Pa.Super. 242, 685 A.2d 169, 174 (1996), petition for allowance of appeal denied, 549 Pa. 701, 700 A.2d 441 (1997) (internal quotation and citation omitted). While the majority appears reluctant to adopt Restatement (Second) of Torts § 316,1 have no such reservation.
Comment a to Restatement § 316 explains that “[w]hile the father as head of the family group is no longer responsible for the actions of all the members of his household ... he is responsible for their conduct in so far as he has the ability to control it. This duty is not peculiar to a father. It extends to the mother also in so far as her position as mother gives her an ability to control her child.” Thus, to ascertain whether an individual parent is negligent and hable for the tortious conduct of a child, the ultimate question focuses on the ability and opportunity of that *877 parent to control the child. In the case sub judice, J.R. (Father) did not have physical custody of N.R. (Son) during the week. Son brought the BB gun to the home of T.K. (Mother) and kept it there, despite Mother’s request that he take the gun back to the residence of Father.
When Son removed the BB gun from the home of Father and brought it with him to the residence of Mother, Father no longer had the ability or opportunity to control the conduct of Son with relation to the gun and, therefore, cannot be negligent in failing to supervise Son’s use of it. However, we cannot evaluate the conduct of Mother, and her potential liability, in this forum because Mother was not a party to the present action.[1] Whatever the culpability of Mother, if any, this case should not be viewed as a shield to protect parents from liability for their negligence in failing to properly control their children, where such control is possible and necessary to protect others.

. The majority opinion notes that the parents of A.H. filed a separate action against Mother and her new husband, though the record does not indicate the outcome of that proceeding.